UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No.  CV 15-9631-MWF (KSx) | Date:  December 21, 2018 |
| Title:   Gerald E. Heller v. NBCUniversal, Inc., et al. | |

Present: The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

Deputy Clerk:                              Court Reporter:
Rita Sanchez                               Not Reported

Attorneys Present for Plaintiff:           Attorneys Present for Defendant:
None Present                               None Present

**Proceedings (In Chambers):**   ORDER RE: MOTION TO DISMISS THIRD AMENDED COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6) [103]

Before the Court is Defendants NBCUniversal Media, LLC ("Universal," erroneously sued as "NBCUniversal, Inc."), Xenon Pictures, Inc. ("Xenon"), S. Leigh Savidge, and Alan Wenkus's (collectively, "Defendants") Motion to Dismiss Third Amended Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6) (the "Motion"), filed on November 2, 2018.  (Docket No. 103).  Plaintiff Estate of Gerald E. Heller filed a belated Opposition on December 3, 2018.  (Docket No. 105).  Defendants filed a Reply on December 10, 2018.  (Docket No. 109).

The Court reviewed and considered the papers submitted on the Motion and held a hearing on December 17, 2018.

For the reasons set forth below, the Motion is **GRANTED** *without leave to amend*.  Plaintiff fails to allege sufficient facts to establish that Heller is a co-author of the Screenplay and the allegations establish that Universal was licensed to use the Screenplay by Savidge, Wenkus, and Xenon.  As the parties previously agreed, the Motion is granted without leave to amend.  The action is, at last, **DISMISSED.**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 15-9631-MWF (KSx)                          Date:  December 21, 2018
Title:    Gerald E. Heller v. NBCUniversal, Inc., et al.

## I. BACKGROUND

Gerald E. Heller commenced this action in the Los Angeles County Superior Court on October 30, 2015.  (Complaint (Docket No. 1-1)).  The action was removed to this Court on December 15, 2015.  (Notice of Removal (Docket No. 1)).  The First Amended Complaint ("FAC") was filed on January 20, 2016.  (Docket No. 18).  On March 30, 2016, the Court denied in part and granted in part with leave to amend a motion to dismiss the FAC.  (Docket No. 32).  The Second Amended Complaint ("SAC") was filed on April 25, 2016.  (Docket No. 37).

On March 15, 2017, the Court granted a motion to substitute the Estate of Gerald E. Heller in place of then-Plaintiff Gerald E. Heller, deceased.  (Docket No. 71).

By stipulation of the parties, the Third Amended Complaint ("TAC"), now the operative complaint, was filed on September 28, 2018.  (Docket No. 101).  The TAC asserts three claims for relief: (1) copyright infringement of the Screenplay against Universal; (2) accounting against Savidge, Wenkus, and Xenon; and (3) unjust enrichment against Savidge, Wenkus, and Xenon.  (*Id.* ¶¶ 17-38).

The TAC alleges the following facts, which the Court takes as true and construes in the light most favorable to Plaintiff.  *See, e.g.*, *Schueneman v. Arena Pharm., Inc.*, 840 F.3d 698, 704 (9th Cir. 2016) (restating generally-accepted principle that "[o]rdinarily, when we review a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), we accept a plaintiff's allegations as true 'and construe them in the light most favorable' to the plaintiff" (quoting *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 989 (9th Cir. 2009))).

On May 21, 2001, Gerald E. Heller collaborated with Defendants S. Leigh Savidge and Alan Wenkus of Xenon to write an original screenplay relating to the story of Ruthless and N.W.A. (the "Screenplay").  (TAC ¶ 10).  Savidge, Wenkus, Xenon, and Heller worked with one other to prepare at least four draft screenplays entitled "Straight Outta Compton."  (*Id.*).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 15-9631-MWF (KSx)          **Date:** December 21, 2018
**Title:** Gerald E. Heller v. NBCUniversal, Inc., et al.

In 2005, Heller also began to write a book (the "Book") relating the story of Ruthless and N.W.A. that contained similar substantive content to the content of the Screenplay. (*Id.* ¶ 11). In 2006, Simon and Schuster published the Book written by Heller and his co-author, Gil Reavill, entitled *Ruthless: A Memoir*. (*Id.* ¶ 12).

On August 11, 2015, a theatrical motion picture entitled "Straight Outta Compton" (the "Film") premiered and was released throughout the United States on August 14, 2015. (*Id.* ¶ 13).

The Film is based on the Screenplay, of which Heller is an original co-author with Savidge, Wenkus, and Xenon. (*Id.* ¶ 14). The Screenplay is based in part on the Book, exclusive interviews with Heller, and Heller's other direct contributions, such as his proposed revisions to various drafts of the Screenplay. (*Id.*).

Savidge, Wenkus, and Xenon nevertheless "sold the Screenplay, behind Heller's back and without Heller's authority or consent, to New Line Cinemas, who in turn sold the Screenplay to Defendant [Universal]." (*Id.* ¶ 15). At no time was Plaintiff or Heller compensated by any of Defendants for Heller's rights based on the Screenplay and/or the Film. (*Id.* ¶ 16).

## II. REQUEST FOR JUDICIAL NOTICE

Defendants request that the Court take judicial notice of four documents, all of which are previous filings in the present action: (1) the Notice of Removal, filed December 15, 2015; (2) the FAC, filed January 20, 2016; (3) Declaration of Gerald Heller in Opposition to Defendants' Motion to Strike Claims 1 Through 8 of the FAC, filed on February 29, 2016 (Docket No. 26-1); and (4) the SAC, filed on April 25, 2016. (*See* Request for Judicial Notice ("RJN") (Docket No. 103-1)). Plaintiff does not oppose this request.

The Court may take judicial notice of court filings and other matters of public record. *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV 15-9631-MWF (KSx)**                               **Date:  December 21, 2018**
**Title:**     Gerald E. Heller v. NBCUniversal, Inc., et al.

2006).  The Court concludes that each of the requested documents is an official public record.  Accordingly, the Court **GRANTS** the RJN.

## III.    LEGAL STANDARD

In ruling on the Motion under Rule 12(b)(6), the Court follows *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007), *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and their Ninth Circuit progeny.

"Dismissal under Rule 12(b)(6) is proper when the complaint either (1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory." *Somers v. Apple, Inc.*, 729 F.3d 953, 959 (9th Cir. 2013).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter . . . to 'state a claim for relief that is plausible on its face.'"  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).  The Court must disregard allegations that are legal conclusions, even when disguised as facts.  *See id.* at 681 ("It is the conclusory nature of respondent's allegations, rather than their extravagantly fanciful nature, that disentitles them to the presumption of truth."); *Eclectic Props. E., LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 996 (9th Cir. 2014).  "Although 'a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof is improbable,' plaintiffs must include sufficient 'factual enhancement' to cross 'the line between possibility and plausibility.'"  *Eclectic Props.*, 751 F.3d at 995 (quoting *Twombly*, 550 U.S. at 556-57) (internal citations omitted).

The Court must then determine whether, based on the allegations that remain and all reasonable inferences that may be drawn therefrom, the complaint alleges a plausible claim for relief.  *See Iqbal*, 556 U.S. at 679; *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1054 (9th Cir. 2011).  "Determining whether a complaint states a plausible claim for relief is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'"  *Ebner v. Fresh, Inc.*, 838 F.3d 958, 963 (9th Cir. 2016) (quoting *Iqbal*, 556 U.S. at 679).  Where the facts as pleaded in the complaint indicate that there are two alternative explanations, only one of which would result in liability, "plaintiffs cannot offer

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV 15-9631-MWF (KSx)  Date: December 21, 2018
Title: Gerald E. Heller v. NBCUniversal, Inc., et al.

allegations that are merely consistent with their favored explanation but are also consistent with the alternative explanation. Something more is needed, such as facts tending to exclude the possibility that the alternative explanation is true, in order to render plaintiffs' allegations plausible." *Eclectic Props.*, 751 F.3d at 996-97; *see also Somers*, 729 F.3d at 960.

## IV. DISCUSSION

By Plaintiff's TAC, Plaintiff contends that Universal's use of the Screenplay without Heller's consent infringed on his copyright, and Plaintiff seeks an accounting and recovery of profits from alleged co-authors Savidge, Wenkus, and Xenon from their sale of the Screenplay. (*See* TAC ¶¶ 17-38).

### A. Copyright Infringement

Defendants first argue that Plaintiff fails to establish statutory standing to sue for copyright infringement because the TAC provides "no factual content to support its legal conclusion that Heller is an 'original co-author' of the Screenplay with Savidge, Wenkus, and Xenon." (Mot. at 9).

The Copyright Act limits the right to sue for infringement to a "legal or beneficial owner of an exclusive right under a copyright." 17 U.S.C. § 501(b). Ownership in a copyright "vests initially in the author or authors of the work. The authors of a joint work are co-owners of copyright in the work." 17 U.S.C. § 201(a). A claim for authorship of a joint work requires that the purported co-author make an independently copyrightable contribution to the disputed work and satisfy the statutory criteria to be deemed an "author" within the meaning of 17 U.S.C. § 101. *Aalmuhammed v. Lee*, 202 F.3d 1227, 1231-32 (9th Cir. 2000). In the absence of an authorship contract, courts determine "authorship" within the meaning of 17 U.S.C. § 101 by reference to three criteria: (1) superintendence by exercise of control; (2) objective manifestation of intent to be co-authors; and (3) audience appeal that turns on inextricably intertwined contributions. *Id.* at 1234. The Ninth Circuit has observed that an author is usually "the inventive or master mind who creates, or gives effect to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No. CV 15-9631-MWF (KSx) | Date: December 21, 2018 |
| Title: Gerald E. Heller v. NBCUniversal, Inc., et al. | |

the idea" and noted that control is usually the most important factor in evaluating authorship. *Id.*

Plaintiff argues that it has alleged enough facts in the TAC to establish that Heller is an original co-author of the Screenplay. Specifically, Plaintiff points to its allegation that Heller made "revisions to various drafts of the Screenplay." (Opp. at 6). But as Defendants highlight, Heller's sworn declaration submitted in conjunction with a previous motion to strike various claims appears to disclaim any alleged shared ownership of the Screenplay:

> In or around May 21, 2001, I entered into an oral contract for the services of . . . Savidge . . . Wenkus . . . [and] Xenon . . . to collaborate with me to write an original screenplay relating the story of Ruthless and N.W.A. . . . At all times, under my agreement with Defendants Savidge/Wenkus/Xenon, the screenplays were my property . . . I never transferred my rights to these defendants.

(RJN, Ex. 3 ¶¶ 7-8; Declaration of Gerald Heller ¶¶ 7-8). Heller's sworn statement is strong evidence against finding that there was an objective manifestation of shared intent to be co-authors. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001) (court need not accept as true allegations that contradict matters properly subject to judicial notice). Plaintiff fails to address Heller's declaration at all in its Opposition to the Motion.

But even assuming Plaintiff could establish that there was an objective manifestation of intent to be co-authors, the TAC lacks *any* allegation that Heller exercised control over the Screenplay. At best, Plaintiff alleges that Heller made "*proposed* revisions" to the Screenplay, (TAC ¶ 14 (emphasis added)), but this in no way establishes that Heller controlled the work. *See Aalmuhammed*, 202 F.3d at 1235 (finding the fact that plaintiff "suggested extensive script revisions," some of which were in included in the released version of the film, "not enough for co-authorship of a joint work" where the director retained "authority to accept them"); *Heger v. Kiki Tree Pictures, Inc.*, No. CV 17-03810 SJO (EX), 2017 WL 5714517, at *6 (C.D. Cal. July

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 15-9631-MWF (KSx)          **Date:** December 21, 2018
**Title:**     Gerald E. Heller v. NBCUniversal, Inc., et al.

24, 2017) ("collaborative efforts," without more, "do not plausibly suggest a shared intent to be coauthors") (internal quotation marks omitted); *Sprengel v. Mohr*, No. CV 11-08742-MWF SPX, 2013 WL 645532, at *14 (C.D. Cal. Feb. 21, 2013) ("suggestions and proposals" that an author "was free to either accept or reject" not enough to establish authoritative control over the work). Likewise, the TAC lacks *any* allegation regarding what effect Heller's contributions had on the Screenplay's audience appeal.

Therefore, the Court determines that Plaintiff fails to allege sufficient facts to establish that Heller was a co-author of the Screenplay within the meaning of 17 U.S.C. § 101. Plaintiff argues that it is entitled to develop discovery to support its contention that Heller is a co-author, but "[a] plaintiff may not rely solely on the speculative promises of discovery to survive a motion to dismiss." *Kabir v. Flagstar Bank, FSB*, No. SACV 16-360-JLS (JCGx), 2016 WL 10999326, at *4 (C.D. Cal. May 11, 2016).

Even assuming Plaintiff had alleged sufficient facts to establish statutory standing, as Defendants highlight, Plaintiff's claim for copyright infringement must be dismissed because Plaintiff's allegations establish that Universal was licensed to use the Screenplay by alleged co-authors Savidge, Wenkus, and Xenon. (Mot. at 2).

"When a work is the product of joint authorship, each co-author automatically holds an undivided interest in the whole." *Young Money Entm't, LLC v. Digerati Holdings, LLC*, No. 2:12-CV-07663-ODW, 2012 WL 5571209, at *6 (C.D. Cal. Nov. 15, 2012) (citing *Pye v. Mitchell*, 574 F.2d 476, 480 (9th Cir. 1978)). Each author of a joint work "has the independent right to use or license the copyright subject only to a duty to account for any profits he earns from the licensing or use of the copyright." *Ashton-Tate Corp. v. Ross*, 916 F.2d 516, 522 (9th Cir. 1990); *see Morrill v. Smashing Pumpkins*, 157 F. Supp. 2d 1120, 1126-27 (C.D. Cal. 2001) (distributor who was authorized by co-author of documentary could not be liable to other co-author for its infringement); 1 Melville B. Nimmer and David Nimmer, *Nimmer on Copyright*, § 6.10 (updated 2018) ("It follows that a joint owner may exploit the work himself,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| **Case No.** CV 15-9631-MWF (KSx) | **Date:** December 21, 2018 |
| **Title:** Gerald E. Heller v. NBCUniversal, Inc., et al. | |

without obtaining the consent of the other joint owners . . . [and] [b]esides exploiting the work personally, a joint author may equally grant licenses to third parties.").

Although Plaintiff contends that the transactions between Savidge, Wenkus, Xenon, and Universal were "behind Heller's back and without Heller's authority or consent," (TAC ¶ 15), this fact is irrelevant where co-authors need not obtain another co-author's consent to lawfully license the copyright to a third party. The Court also finds unpersuasive Plaintiff's argument that *Morrill* is inapplicable here because that case establishes only "that co-authors of a joint work cannot sue ***each other*** for copyright infringement." (Opp. at 8 (emphasis added)). There, the district court also held that a third party could not be held liable for copyright infringement where it possessed a non-exclusive license of a copyright co-owner. *Morrill*, 157 F. Supp. 2d at 1127.

### B. Accounting and Unjust Enrichment

Plaintiff's claims for unjust enrichment and accounting are premised on Heller's alleged ownership interest in the Screenplay. At the hearing, Plaintiff explained that its claims for unjust enrichment and accounting derive from equitable doctrines and principles governing the rights of co-owners. In support, Plaintiff directed the Court to *Oddo v. Ries*, in which the Ninth Circuit states, "the duty to account does not derive from the copyright law's proscription of infringement. Rather, it comes from equitable doctrines relating to unjust enrichment and general principles of law governing the rights of co-owners." 743 F.2d 630, 633 (9th Cir. 1984) (internal quotation marks omitted). Plaintiff argued that because Heller "significantly contributed" to the success of the Film, Heller should be compensated for those efforts.

The Court is unconvinced, however, for the reasons stated above, that Heller's alleged contributions plausibly establish that Heller is a co-owner of the Screenplay. Because Plaintiff fails to allege sufficiently that Heller possessed such an ownership interest, Plaintiff's claims for unjust enrichment and accounting fail. Furthermore, to the extent Plaintiff's claims for unjust enrichment and accounting are indeed based on

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 15-9631-MWF (KSx)          **Date:** December 21, 2018
**Title:**     Gerald E. Heller v. NBCUniversal, Inc., et al.

Plaintiff's claim for copyright infringement, those claims likewise fail. *See Campbell v. Walt Disney Co.*, 718 F. Supp. 2d 1108, 1116 (N.D. Cal. 2010) (finding that because plaintiff cannot state a claim for copyright infringement, plaintiff's claim for unjust enrichment premised upon her claim for infringement likewise fails); *Mfg. Automation & Software Sys., Inc. v. Hughes*, No. 216CV08962CASKSX, 2018 WL 3197696, at *15 (C.D. Cal. June 25, 2018) (claim for accounting rises or falls with copyright infringement claim).

      Plaintiff requests that the Court grant leave to amend to plead additional facts to remedy any deficiencies in the TAC. But as Defendants point out, Plaintiff previously agreed, and the Court ordered, that Plaintiff would "not seek leave to amend the TAC, including leave to add any new allegations, claims or parties (including, without limitation, parties who were previously named in this action and dismissed)." (Stipulation for Order Regarding Plaintiff's Proposed TAC (Docket No. 100); "September 28 Order" (Docket No. 102)).

## V.    CONCLUSION

      For the foregoing reasons, the Motion is **GRANTED** *without leave to amend*. The action is **DISMISSED.**

      This Order shall constitute notice of entry of judgment pursuant to Federal Rule of Civil Procedure 58. Pursuant to Local Rule 58-6, the Court **ORDERS** the Clerk to treat this Order, and its entry on the docket, as an entry of judgment.

      IT IS SO ORDERED.